# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No. SACV 16-02130-CJC(KESx)          Date: December 5, 2016

Title: JK MANAGEMENT COMPANY V. BENITO MARQUEZ AND MARTHA RIVERA

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                         None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION AND REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT**

       On November 30, 2016, Defendants Benito Marquez and Martha Rivera removed this unlawful detainer action originally filed in Superior Court, County of Orange by Plaintiff JK Management Company. (Dkt. 1 [hereinafter "Notice of Removal"].) A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Whether subject matter jurisdiction exists may be raised by the Court *sua sponte* at any time. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff also filed an *ex parte* application on December 2, 2016, asking this Court to remand the case. (Dkt. 7.)

       Defendants removed the action to this Court asserting federal question subject matter jurisdiction under 28 U.S.C. §§ 1331, 1441. (Notice of Removal at 2.) According

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-02130-CJC(KESx)            Date: December 5, 2016

                                                                                                       Page 2

---

to the Notice of Removal, a statutory basis for federal jurisdiction exists because "Defendant withheld rent due to Plaintiff discriminating against defendant by violating [the] Fair [H]ousing [A]ct and 42 U.S.C. [§] 3604(f)(3)(a) by refusing to permit, reasonable modification of the premises necessary for afford full enjoyment of the premises to Defendant roommate and co-tenant who is physically handicapped." (*Id.* at 2–3.) Specifically, they claim that the doorways, bathrooms, walls, and environmental controls violate 42 U.S.C. § 3604(f). (*Id.* at 3.) Defendants claim that "Federal question jurisdiction exists because Defendants pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." (*Id.* at 3.)

       Under the "well-pleaded complaint rule," federal question jurisdiction is present only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This occurs when the well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). A defense or counterclaim based on federal law does not give rise to federal question jurisdiction. *Id.* at 10. If it appears that the district court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c).

       Plaintiff's Complaint states a single claim for unlawful detainer under California law. (Dkt. 1 Ex. A.) This action therefore does not arise out of federal law. The federal basis asserted by Defendants is at most a defense to the unlawful detainer action, and thus does not confer subject matter jurisdiction. *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."). Nor does the straightforward federal issue presented by this defense—whether there is compliance with various disability statutes—present a "substantial federal issue." *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The Court accordingly finds that it is without subject matter jurisdiction to resolve this matter. Plaintiff's *ex parte* application is **GRANTED** and this action is hereby **REMANDED** to Superior Court, County of Orange.

nm

MINUTES FORM 11
CIVIL-GEN                                                                                        Initials of Deputy Clerk MKU